500 A.2d 1168

**Saul Z. KOPEIKA, D.D.S., Appellant,**

**v.**

**MEDICAL SERVICES ASSOCIATION OF PENNSYLVANIA t/d/b/a Pennsylvania Blue Shield, A Corporation.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed Nov. 15, 1985.

502

W. Russell Carmichael, Media, for appellant.

Edward R. Paul, Media, for appellee.

Before WIEAND, WATKINS and GEISZ *, JJ.

WATKINS, Judge:

This is an appeal from an Order entered June 4, 1984 in the Court of Common Pleas of Delaware County denying

---

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

appellant's Motion for New Trial and Judgment, n.o.v., and entering judgment for the appellees.

Appellant is a dentist licensed to practice dentistry in Pennsylvania. Appellee is a non-profit professional health service corporation organized pursuant to Blue Shield Regulatory Act (40 P.S. § 6301, et seq.) Appellant is a voluntary participating dentist in the Blue Shield Dental Program whereby he is compensated pursuant to a schedule for necessary services performed upon a Blue Shield subscriber.

On January 30, 1980, appellant was advised by Blue Shield that a review of his dental service reports (claim forms) indicated that, in the opinion of the dental director of Blue Shield, Richard J. Wroblewski, D.D.S., some of the periapical X-Rays taken by the appellant appeared to have not been necessary. Effective February 4, 1980, appellant would be required to show specific need for the periapical X-Rays if he wished Blue Shield to compensate him for the same. On February 11, 1980, appellant wrote to the State Dental Council and Examining Board, stating that Blue Shield prescribed and made determinations on the adequacy of patient treatment and possibly maintained fraudulent records. Appellant also requested information from the Board on the terms "not necessary", "high utilization" and "excessive".

Dr. Wroblewski wrote to the Board in response on March 19, 1980. The letter advised the Board of the background of appellant's request and attached the claim forms of six patients alleged to support Dr. Wroblewski's opinion.

The Board assigned one of its members, Dr. Leon Penzur, to review the six claim forms. Dr. Penzur reported to the Board that his review indicated excessive use of radiographs (X-Rays) in violation of American Dental Association and Pennsylvania Dental Association guidelines. The Board then requested appellant to appear for an informal hearing with the X-Rays and dental records pertaining to the six patients. Appellant requested that Blue Shield also attend the informal hearing. The Board advised Blue

Shield that there would be no testimony nor any opportunity to cross-examine witnesses at the informal hearing.

At the hearing on July 9, 1980, appellant refused to produce any of the records of the six patients. The hearing was continued pending receipt of the records. The records were never produced and the matter was ultimately terminated by the Board.

Subsequently, the appellant filed a Complaint in Trespass alleging a cause of action for wrongful use of civil proceedings, defamation, and extreme and outrageous conduct. Prior to trial Pennsylvania Blue Shield filed a Motion for Partial Summary Judgment concerning the defamation count of appellant's complaint. The court below granted the motion. Trial commenced on January 11 and concluded on January 13, 1983 with a jury verdict in favor of the appellee. Appellant filed motions for a new trial and judgment, n.o.v., which were argued and denied by the lower court. Judgment for Pennsylvania Blue Shield was entered on June 4, 1984. This appeal followed.

Appellant presents three questions on appeal:

1. Did the trial court err in granting defendant's/appellee's Motion for Partial Summary Judgment?

2. Did the trial court err by excluding the testimony of one of appellant's witnesses?

3. Did the trial court err by denying appellant's Motions for Judgment, n.o.v. and for a New Trial?

■ In his first issue, appellant's argument is two-fold. He contends that the trial court erred in disregarding the thirty-day period which a non-moving party has to file a reply memorandum of law as provided for in Delaware County Local Rule of Civil Procedure 1028. He also argues that the trial court erroneously relied on the appellee's defense of absolute privilege in granting their Motion for Partial Summary Judgment. Appellant claims that he was prejudiced by this ruling because he was precluded from presenting a completely separate theory of liability to the jury.

The lower court had stated in its opinion that the Motion for Partial Summary Judgment had been discussed between the parties and the court prior to trial and that appellant agreed to an immediate settling of appellee's Motion. The trial court concluded that appellant had waived his thirty-day period in which to file a reply memorandum. Appellant now contends that he did not agree to the immediate settlement.

At the pre-trial hearing the trial court called for oral argument on the Motion for Partial Summary Judgment. It is apparent from a reading of the record that appellant was prepared to present his position regarding the Motion for Partial Summary Judgment and had in fact done so. It was only after counsel for both parties had presented oral argument that appellant objected to the timeliness. Appellant has neither demonstrated any prejudice resulting from the action by the trial court nor has he shown any abuse of discretion by the trial court as provided in Section (g) of Local Rule 1028. Despite the fact that an explicit statement of an agreement to settle the Motion does not appear in the record, we conclude that the trial court did not err in granting appellee's Motion for Partial Summary Judgment.

Appellant also contends that the trial court erred in relying on appellee's defense of absolute privilege in granting the Motion for Partial Summary Judgment. The able opinion of Judge Semeraro concluding that appellant's Complaint and all other proceedings before the Board are absolutely privileged, adequately addressed this issue. Accordingly, we also find this claim to be without merit.

Next, appellant contends that the trial court erred in not permitting the testimony of Mitchell Corson, D.D.S. The introduction of relevant testimony is controlled by the trial court and will not be reversed on appeal unless there is an abuse of discretion. *Albert v. Alter*, 252 Pa.Superior Ct. 203, 381 A.2d 459 (1977).

■ Dr. Corson had not been listed as an expert witness in Appellant's Answers to Appellee's Interrogatories and an

offer of proof was requested prior to his proffered testimony. Appellant's counsel stated that Dr. Corson would testify that the extrapolation method was used in order to determine that the X-Rays taken by appellant may not have been necessary. Extrapolation, according to counsel for appellant, is the method whereby a number of X-Ray procedures are reviewed and a determination is made that a percentage of those procedures are not necessary. Thereupon, this percentage is then allegedly used to determine that an identical percentage of prior years' procedures are also unnecessary.

As the trial court pointed out in its opinion, the issue to be determined by the jury was the necessity of the X-Rays taken in the six cases, submitted to the Board. Dr. McDermott, the Chairman of the Board, testified that the Board's hearing was based upon a review of those six cases. Appellant's own expert witness admitted on cross-examination that the extrapolation method was not used on the appellee's examination and review of appellant's patients' claim forms. Dr. Penzur likewise testified that his review was limited to the same six cases. The trial court then determined that no information obtained by the extrapolation method was germane to any issue at trial and the testimony of Dr. Corson was excluded.

Considering the foregoing we can find no abuse of discretion by the trial court in excluding this testimony. Therefore, we find appellant's claim to be without merit.

In his third issue appellant contends that the trial court erred by denying appellant's Motion for Judgment, n.o.v., or in the alternative for a New Trial. He claims that the jury's verdict did not conform with the evidence and with the law as explained by the trial judge.

In reviewing a Motion for Judgment, n.o.v., the evidence must be viewed in the light most favorable to the verdict winner. *Dunlap v. Philadelphia Newspapers, Inc.,* 301 Pa.Superior Ct. 475, 448 A.2d 6 (1982). Additionally a new trial should be awarded on the gound that the verdict is

against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right maybe given another opportunity to prevail. *Kaminski Brothers, Inc. v. Lussi,* 308 Pa.Superior Ct. 250, 454 A.2d 115 (1982).

Upon a review of the record, we conclude that the trial court did not err in denying appellant's Motion for Judgment, n.o.v., or for a New Trial.

Order affirmed.