## Yost v. Lietz

*William E. Averona,* for plaintiffs.
*Cary B. McClain,* for defendant.

PAPALINI, *J.,* March 6, 2001—Plaintiffs Joseph Yost and his wife Jeanette Yost have filed an appeal of our order of January 10, 2001, denying their motion for post-trial relief.

## I. FACTUAL HISTORY

(1) In January of 2001, the suit of plaintiffs Joseph and Jeanette Yost against defendant Eugene Lietz, was tried by a jury with the undersigned presiding. The jury returned with a verdict in favor of defendant Lietz. Plaintiffs were represented by William E. Averona Esquire and defendant was represented by Cary B. McClain Esquire.

(2) The case involved an automobile accident that occurred on April 1, 1996 at the intersection of Aramingo Avenue and Castor Avenue in Philadelphia, PA. Mrs. Yost was a passenger in a car driven by her husband. Defendant Lietz was driving southbound on Aramingo Avenue and as he was making a left-hand turn at the intersection, the vehicles collided. It was Mr. Lietz's testimony that Mr. Yost was crossing the intersection, driving northbound in a lane designated for a right turn only at Castor Avenue, and that when Mr. Lietz made his left turn, he was struck by Mr. Yost's vehicle.

(3) Plaintiffs filed a timely motion for post-trial relief. The motions were briefed and then argued on January 3, 2001. Plaintiffs were represented by Mr. Averona, while Patrick Gibbons Esquire, appeared on behalf of defendant.

(4) On January 10, 2001, we issued an order denying the plaintiffs' motion for post-trial relief.

## II. ISSUES

The following issues were raised in plaintiffs' motion for post-trial relief:

(1) The court erred in failing to give a curative instruction on the comments of defense counsel concerning the issue of the right turn signal only;

(2) The court failed to instruct on the adverse inference as to missing evidence; and

(3) The verdict was against the weight of the evidence.

## III. DISCUSSION

### A. *Right Turn Signal*

Plaintiffs contended that the court erred in failing to give a curative instruction on the comments of defense counsel concerning the issue of the right turn signal only. Plaintiffs asserted that there was no evidence that the intersection had "right turn only" designation governing Mr. Yost, and if there was a designation, it could not be characterized as a "signal."

In his opening statement to the jury, Mr. McClain argued that as he approached the intersection, Mr. Yost "sees this right turn only lane. He's in the right turn only lane." (N.T. 16, 8/30/00.)

Mr. Lietz testified that he was driving southbound on Aramingo Avenue. At Castor Avenue, he moved into the left turn lane to turn east into Castor Avenue. He saw cars stopped in the right turn lane on the northbound side

of Aramingo Avenue. As Mr. Lietz was completing his left turn, he saw Mr. Yost's vehicle coming north on Aramingo Avenue, crossing Castor Avenue in the right turn lane, and he was struck by Mr. Yost's vehicle. (N.T. 96-98, 8/31/00.) Mr. Lietz also testified that for his southbound lane of travel on Aramingo Avenue, there was an arrow painted on the roadway pointed left, toward the east. (N.T. 99.) Mr. Lietz further testified that there was also a painted right turn arrow on the roadway in the curb lane northbound, where the Yost vehicle was located. (N.T. 101.) Mr. Lietz *interpreted* the northbound, right turn arrow as a prohibition against proceeding straight through the intersection for Mr. Yost. (N.T. 102.)

Mr. Yost testified that as he was proceeding northbound on Aramingo Avenue into the intersection with Castor Avenue, the vehicle driven by Mr. Lietz struck him. (N.T. 13, 8/31/00.) He was asked about a diagram made by the defense showing the painted arrow on the roadway. He stated: "I did not see any right arrow, no turn signal, nothing." (N.T. 14.)

In his closing to the jury, Mr. Averona expressed doubt as to the existence of the arrow in the roadway, but also argued: "if it was there, what's that mean? That you can turn. But is there a sign saying you can't turn on the right? No, no evidence. End of story." (N.T. 37-38, 9/1/00.)

In closing argument, Mr. McClain told the jury: "the significance of that plain, very obvious rule of the road is complying with a traffic control signal or device. It's painted on the roadway, right turn. What does that mean? That means you're in that lane, you turn right, not to go straight." (N.T. 54, 9/1/00.) See also, N.T. 52, 57, 58, 70,

9/1/00. Mr. Averona addressed the issue again in rebuttal. (N.T. 72.)

After the closing arguments were over, Mr. Averona asked for a cautionary instruction. He argued that if there was an arrow on the roadway, it was not a "signal," and also that "it doesn't say right turn only." (N.T. 84.) The court declined to give a cautionary instruction (N.T. 86), and thereafter instructed the jury pursuant to 75 Pa.C.S. §3331(b), regarding the law for left turns and section 3331(c), compliance with traffic control devices. (N.T. 103-104.)

In *Glenn v. Horan*, 2000 WL 1898840 (Pa. Commw. 1/3/01), Commonwealth Court held that a crosswalk is a "traffic control device": "Markings designed to warn motorists and guide pedestrians plainly fall into the definition of 'official traffic control device' in section 102 of the Vehicle Code. . . ."

Hence, Mr. McClain's argument to the jury that the right turn arrow was a "traffic control signal or device" was not improper and did not require a cautionary instruction.

Neither side offered any cases relating to the legal import of a right turn arrow painted on the highway. Therefore, we gave no cautionary instruction concerning this issue.

Instead, we allowed the jury to determine whether Mr. Lietz was negligent in concluding that the vehicles stopped in the right lane northbound at the intersection, were going to turn right.

The jury, in its answers to interrogatories, determined that Mr. Lietz was not negligent.

The court did not err in failing to give a more definitive instruction concerning the import of a right turn arrow.

## B. *Missing Evidence*

Plaintiffs argued that the court failed to instruct on the adverse inference as to missing evidence, which were photos of defendant's car which would have indicated the damage to the car, photos of the intersection showing the turn arrow on the roadway, and a statement given by the defendant.

In the case at bar, defense counsel did have photos of the intersection showing the turn arrow on the roadway.

However, the court ruled, upon plaintiffs' motion, that they could not be used as evidence because they had not been given to Mr. Averona in a timely fashion. (N.T. 88-90, 8/31/00; N.T. 17, 9/1/00.)

Mr. Lietz testified that he never took photos of the damage to his car. (N.T. 114, 8/31/00.) Mr. McClain indicated that he had no such photos. (N.T. 82, 8/31/00.)

Mr. Lietz also testified that he spoke with someone over the phone about the accident, but he had never seen his "statement" in writing. (N.T. 109-110, 8/31/00.) Mr. McClain stated that he had no such statement. (N.T. 18, 9/1/00.) In cross-examination of Mr. Lietz, Mr. Averona was permitted to vigorously question him about his telephone statement, his failure to take photos of his car, his failure to produce photos of the intersection and his failure to produce a repair estimate. (N.T. 108-110, 114, 8/31/00.)[1]

---

1. As with the photographs of the scene, defense counsel did have the repair estimate in his file, but did not provide it to plaintiffs' coun-

In his closing argument to the jury and rebuttal argument, Mr. Averona repeatedly raised the absence of the above evidence. (See N.T. 37, 38, 74, 76, 9/1/00.)

Ultimately, the court gave an adverse inference charge with respect to the repair estimate. (N.T. 106, 9/1/00.)

In *Commonwealth v. Pattakos*, 754 A.2d 679 (Pa. Super. 2000), our Superior Court held that when evidence is suppressed on motion of the defendant, defense counsel is precluded from even arguing to the jury the absence of the evidence. The court held that it was improper to allow defense counsel to improperly draw the misleading inference for the jury that evidence did not exist, when in fact it did exist. (754 A.2d at 684.)

In the case at bar, Mr. Averona was given more leeway than the law permits. The court did not err.

## C. *Weight of the Evidence*

Plaintiffs contended that the verdict was against the weight of the evidence.

A new trial should be awarded on the ground that the verdict is against the weight of the evidence, when the verdict of the jury is so contrary to the evidence, as to shock one's sense of justice, and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Kopeika v. Medical Services Association*, 347 Pa. Super. 500, 500 A.2d 1168 (1985).

Pursuant to the evidence presented at trial, the jury could have found that Mr. Lietz was negligent, Mr. Yost was negligent, or that they both were negligent. The jury's

---

sel until the time of trial. Therefore, the court precluded it from being used as evidence. (N.T. 14-16, 9/1/00.)

finding that Mr. Lietz was not negligent was supported by the evidence. Therefore, a new trial was not warranted.

For the reasons set forth above, plaintiffs' motion for post-trial relief was denied.